MAJENHS, PLAINTIFF AND APPELLANT, *v.* PADÍN, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Acknowledgment of Servitude.

No. 1995.—Decided March 30, 1920.

SERVITUDE OF LIGHT AND VIEW—EJECTMENT.—The fact that a plaintiff has an action pending before another court to recover a certain strip of land whereon

he alleges that the defendant has erected a part of one of the walls of his house, does not preclude him from bringing another action to secure the closing of certain windows opened in one of the walls of the same house of the defendant built on the lot belonging to the defendant.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the appellant.

*Mr. A. Agosto* for the appellee.

Mr. Justice Del Toro delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 1, dismissing the complaint filed by Simeón Majenhs against Joaquín Padín in an action for the acknowledgment of a servitude.

Majenhs alleged that he was the owner of a house and lot in the ward of Puerta de Tierra, San Juan, adjoining another house and lot of the defendant; that the house of the defendant was a two-story concrete house, twenty meters wide by seventeen meters deep; that in the wall of the said house which is on the boundary line between the two properties the defendant had opened ten windows directly overlooking the property of the plaintiff, although the wall was less than two meters distant from the plaintiff's property, and that the defendant had refused to close the said windows notwithstanding the fact that he had been asked to do so by the plaintiff.

The defendant answered the complaint, setting up, among others, the following plea:

"Second. The defendant also alleges that in the Municipal Court for the Municipal Judicial District of San Juan, P. R., which is a court of limited jurisdiction, there is now pending, under No. 6159, an action of ejectment by the said plaintiff against this defendant to recover the strip of land on which is erected the concrete wall containing the ten windows which the said plaintiff, Simeón Majenhs, seeks to have closed by this action, and the defendant alleges that that fact is an estoppel of this action."

The case went to trial. Evidence was examined and the court, as we have said, dismissed the complaint. The court

did not analyze the evidence for the purpose of considering the merits of the case, but only sustained the transcribed plea of the defendant, stating the following in its opinion:

"The plaintiff, Simeón Majenhs, has put in litigation the ownership of a piece of land in the possession of Joaquín Padín. The plaintiff alleges that the land is his as a part of the lot of 378 square meters which he purchased. In his complaint in the Municipal Court of San Juan Majenhs alleges that Padín has erected a building, a part of which is a concrete wall which stands on the strip of land which the plaintiff claims from Padín. In this wall are, the court has no doubt, the windows which are now sought to be closed by this action. But in his complaint in this court plaintiff Majenhs avers that *on his own property* Padín has erected a building in one of whose walls are open the windows sought to be permanently closed. The position in which the plaintiff has placed himself by these conflicting averments is strange. The court could not follow the plaintiff in that position, he alleging now, as to the land where the wall with the windows stands, something different from what he alleged in his complaint in the action of ejectment. Nor can the court, in an action for the acknowledgment of a servitude, incidentally decide the question of ownership of a strip of land, a question which the plaintiff himself submitted to another court.

"And while that question of ownership is pending in another court, this court can not hold that plaintiff Majenhs has proved his ownership of the lot of 378 square meters and there is lacking the principal basis for the exercise of the action here instituted by Majenhs.

"Considering the situation which regarding the properties the acts of the plaintiff have created, it is impossible for the court to find that the windows or openings referred to in the complaint were opened without regard to the distance mentioned in section 589 of the Civil Code of Porto Rico.

"The provisions of law applicable to this case are sections 536, 543, 588 and 589 of the Civil Code of Porto Rico. The jurisprudence applicable is that of the Supreme Court of Porto Rico in the case of *Díaz* v. *Guerra,* 18 P. R. R. 790, and the judgment of the Supreme Court of Spain of March 27, 1895, the latter holding that an action denying a servitude can only be brought by the owner with a lawful title to the property upon which a servitude is attempted to be imposed in favor of another property or person. And that of our Supreme Court establishes an essentially identical rule.

"The complaint must be dismissed, with the costs upon the plaintiff. It is so ordered by the court on the grounds of this opinion."

We have examined carefully the pleadings and the evidence and agree with the appellant that the district court erred in dismissing the complaint for the reason stated.

In our opinion the action brought in the municipal court and that brought in the district court are not antagonistic.

It is true that in the municipal court the plaintiff claims from the defendant the ownership of a strip of land of 32.13 square meters, alleging that the defendant erected a wall and a fence on the said strip, but it was specified that the wall was 7.65 meters long and was *part* of a building, and if this description is compared with that of the building contained in both the complaint in the municipal court and the complaint in the district court, it will be seen that there is still an excess of about ten meters in the depth of the building and in that part of the wall are the windows sought to be closed by the action in the district court.

And this fact appears from the oral evidence presented. Ferrer, an engineer, made a survey of the land and stated under oath at the trial that the lot of the plaintiff "adjoins the wall wherein the windows are open," the dividing line coinciding exactly with the eastern face of the wall of the defendant's house, *which house has another rear projection and the windows being in the front part.* The engineer also testified that there was lacking in the plaintiff's property a strip of land 1.53 meters wide for the entire depth of his lot. And the plaintiff, testifying under oath in his own behalf at the trial, explained that on the land which he had been deprived of the defendant had erected "a part of the house and had built a fence along the front," there being only some openings in the wall so erected, the windows being in the part of the side nearest the front.

This being so, it is clear that the court erred in dismissing the complaint. Here the plaintiff merely brought an action

for the closing of certain windows that have a direct view on his property and are open in the wall of the defendant's building which is erected on the dividing line between his lot and that of the plaintiff. In the action in the municipal court the plaintiff claims the ownership of a strip of land occupied by a part of the defendant's building of some seven meters and by a fence. Both actions may, therefore, subsist independently.

Now, as the district court did not examine the evidence for the purpose of passing upon the merits of the case, we think that this court should not finally decide the case, but that it must be remanded to said district court for further proceedings not inconsistent with this opinion. And it is so ordered.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.